**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **ANTHONY L. CARROLL,** | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 4:05CV625(JCH) |
| | ) | |
| **STATE OF MISSOURI,** | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court upon the application of Anthony L. Carroll for leave to commence this action without payment of the required filing fee [Doc. #2]. See 28 U.S.C. § 1915(a). Upon consideration of the financial information provided with the application, the Court finds the applicant is financially unable to pay any portion of the filing fee. Therefore, petitioner will be granted leave to proceed in forma pauperis.

**The petition**

Petitioner seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. According to the petition, petitioner was found guilty on or about March 3 or 4, 2005, after a jury trial, of one count of robbery, one count of burglary, two counts sodomy, three counts of armed criminal action, and one count stealing under $500. Petitioner states that his sentence is "pending." Petitioner also states that he has filed a direct appeal that is

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

also pending.

## Discussion

Title 28 U.S.C. § 2254 requires that petitioner exhaust his available state remedies before seeking federal habeas relief.  See 28 U.S.C. § 2254(b)(1).  The face of the petition clearly indicates that petitioner has not yet exhausted his available state remedies because he states that his sentence and direct appeal are both still pending.[1]  Furthermore, there is no indication that petitioner has sought state collateral relief.[2]  Petitioner does not contend that there is an absence of available state remedies to address his claims.  Nor does petitioner assert that circumstances exist that render such state remedies ineffective to protect his rights.  Therefore, the instant petition should be dismissed, without prejudice, because petitioner has failed to exhaust his available state remedies.

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that petitioner's application to proceed in forma pauperis [Doc. #2] is **GRANTED.**

---

[1] Additionally, the publicly available docket indicates that petitioner's appeals are still pending before the Missouri Court of Appeals, Eastern Division.  See Carroll v. State, No. ED86261 (Mo. Ct. App.) www.courts.mo.gov/casenet.

[2] Regardless of whether petitioner has filed for direct review of his convictions and sentences by the state courts, the time for filing for relief by means of a Rule 29.15 motion in the state courts has not yet expired.  See Mo. R. Civ. P. 29.15(b).

2

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

**IT IS FURTHER ORDERED** that the Clerk receive and file the complaint in this action without payment of the required filing fee.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process of cause process to issue upon the petition because petitioner has not exhausted his available state remedies.

An appropriate order shall accompany this memorandum and order.

Dated this <u>20th</u> day of June, 2005.

/s/Jean C. Hamilton
**UNITED STATES DISTRICT COURT**

PDF created with FinePrint pdfFactory trial version www.pdffactory.com